McKinney, J.,
delivered the opinion of the Court.
In quashing the execution, on the ground that Hunter was not legally hound as stayor, we think the Court erred. The case is within the principle of Carmichael v. Hawkins, 2 Sneed, 405. It is fully proved, that Hunter voluntarily applied to the justice to become stayor of the execution in this particular case, and accordingly wrote his name on the justice’s docket, with the express intent of binding himself as surety for the stay of execution, and was accepted by the justice as such. The fact that the name was not written in the most appropriate place on the docket; or that, the justice’s docket was not made- out with all the formality prescribed by the act of 1835, will not be allowed to vitiate the security, or discharge the stayor from the liability, on the ground of the supposed irregularity in the judgment upon which he assumed to stay execution. Admitting it to be true, that the warrant was served on only one of the two joint defendants named therein and that the judgment was rendered jointly against both; this is a matter of which the party not served with process might complain; or, he might waive service of the war *346 rant, and acquiesce in the judgment, as he seems to have done. But this is a matter with which the stayor has no concern. The judgment upon which he undertook to stay execution remains in full force, and he cannot go behind it in search of irregularities upon which to seek to be discharged from his liability. If the party prejudiced by the supposed irregularity, submits to it, it does not lie in the mouth of the surety for the stay of execution to complain.
. In this view of the case, the judgment must be reversed. Prior to the adoption of the Code, the practice in such cases was, to discharge the supersedeas, and direct a procedendo to the justice to issue execution. But, by the proper construction of sections 3124 and 3138 of the Code, judgment is to be rendered here for the amount of the justice’s judgment, with interest thereon, at the rate of twelve and one-half per cent, per annum, against the principal and sureties in the certiorari bond; and also for the costs of suit. Judgment will be rendered accordingly. ,-